**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:**

ANGELA WICKLOW, and all others
similarly situated,

    Plaintiff(s),

v.

BELCARRA, INC.,
BELCARRA – II, INC.,
THOMAS J. KEANEY, individually, and
TRINIDAD KEANEY, individually,

    Defendants.

_____/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, ANGELA WICKLOW ("Plaintiff"), pursuant to 29 U.S.C. § 216(b), files the following Collective Action Complaint for Damages and Demand for Jury Trial against Defendants, BELCARRA, INC., ("OCEAN MIST PUB"), BELCARRA - II, INC., ("VILLAGE WELL PUB"), THOMAS J. KEANEY ("MR. KEANEY"), individually, and TRINIDAD KEANEY ("MRS. KEANEY"), individually (collectively referred to hereinafter as "Defendants"), and alleges as follows:

**INTRODUCTION**

1. Defendants have unlawfully deprived Plaintiff, and all others similarly situated, of federal minimum and overtime wages during the course of their employment. This is an action arising under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. §§ 201-216, to recover all unpaid wages owed to Plaintiff, and similarly situated employees.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of the Southern District of Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant, OCEAN MIST PUB, was a Florida corporation located and transacting business within Lauderdale-by-the-Sea, Florida, within the jurisdiction of this Honorable Court. OCEAN MIST PUB operates its principal location at 210 E. Commercial Blvd. Lauderdale-by-the-Sea, Florida 33308.

4. During all times material hereto, Defendant, VILLAGE WELL PUB, was a Florida corporation transacting business within Fort Lauderdale, Florida, within the jurisdiction of this Honorable Court. VILLAGE WELL PUB's principal location is 1023 S.E. 17th Street Causeway, Fort Lauderdale, Florida 33316.

5. During all times material hereto, Defendant MR. KEANEY, was and is a resident of the Southern District of Florida, over the age of 18 years, and was an owner, operator, and corporate President of OCEAN MIST PUB and VILLAGE WELL PUB and vested with ultimate control and decision-making authority over hiring, firing, and pay practices of both of these establishments. During the relevant time period, MR. KEANEY controlled the day-to-day operations of both corporate Defendants.

6. During all times material hereto, Defendant, MRS. KEANEY, was and is a resident of the Southern District of Florida, over the age of 18 years, and was an owner, operator, and corporate Vice President of OCEAN MIST PUB and VILLAGE WELL PUB and vested with ultimate control and decision-making authority over the hiring, firing, and pay practices of both of these establishments. MRS. KEANEY controlled the payroll practices and scheduling for both corporate Defendants.

7. During all times material hereto, Defendants, OCEAN MIST PUB and VILLAGE WELL PUB shared the same registered agent in the State of Florida.

8. Defendant, OCEAN MIST PUB was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

9. Defendant, VILLAGE WELL PUB, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations.

10. Defendant, MR. KEANEY, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

11. Defendant, MRS. KEANEY, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

12. Defendants hired Plaintiff to work in Fort Lauderdale, Florida, and Lauderdale-by-the-Sea, Florida, and the acts giving rise to this action took place within the jurisdiction of this Honorable Court.

13. Defendants, OCEAN MIST PUB and VILLAGE WELL PUB are headquartered and regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

14. Venue is proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## FLSA COVERAGE

15. Defendant, OCEAN MIST PUB, is a covered entity under the FLSA through enterprise coverage, as OCEAN MIST PUB was engaged in interstate commerce during all

pertinent times in which Plaintiff was employed. More specifically, OCEAN MIST PUB was engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant, OCEAN MIST PUB's business and Plaintiffs' work for OCEAN MIST PUB affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

16. During her employment with Defendant, OCEAN MIST PUB, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: kegs, telephones, food, cash registers, pens, notepads, computers, cellular telephones, order forms, and other restaurant and bar-related items.

17. Defendant, OCEAN MIST PUB, also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods as those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant, OCEAN MIST PUB's business an enterprise covered by the FLSA.

18. Defendant, OCEAN MIST PUB, grossed or did business in excess of $500,000.00 per year in the years 2017, 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

19. Defendant, VILLAGE WELL PUB, is a covered entity under the FLSA through enterprise coverage, as VILLAGE WELL PUB was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, VILLAGE WELL PUB was also engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. Defendant, VILLAGE WELL PUB's business and Plaintiffs' work for

VILLAGE WELL PUB affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

20. During her employment with Defendant, VILLAGE WELL PUB, Plaintiff, and all other similarly situated employees, handled and worked with various goods and/or materials that have moved through interstate commerce, including, but not limited to: kegs, glassware, utensils, napkins, cloths, cash registers, and other restaurant and bar-related items.

21. Defendant, VILLAGE WELL PUB, also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods as the goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making Defendant, VILLAGE WELL PUB's business an enterprise covered by the FLSA.

22. Upon information and belief, Defendant, VILLAGE WELL PUB, grossed or did business in excess of $500,000.00 per year in the years 2017, 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

23. During her employment, Plaintiff was regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce, or in the maintenance of instrumentalities of interstate commerce, and is therefore covered under the FLSA through individual coverage.

## JOINT ENTERPRISE COVERAGE

24. During all times material hereto, Defendants OCEAN MIST PUB and VILLAGE WELL PUB performed substantially related activities, as both corporate entities focused their operation on providing food and beverage to patrons and customers in Broward County.

25. Defendants, OCEAN MIST PUB and VILLAGE WELL PUB used central management and/or common control to effectuate the business needs and goals of both entities.

26. Moreover, Defendants, OCEAN MIST PUB and VILLAGE WELL PUB were engaged in offering substantially the same or similar food services and products to their customers.

27. Defendants, OCEAN MIST PUB and VILLAGE WELL PUB also shared a common business purpose during all times material hereto.

28. Defendant, OCEAN MIST PUB relied upon VILLAGE WELL PUB's assistance in its operations and vice-versa.

29. Supervisors for OCEAN MIST PUB managed, supervised, and scheduled VILLAGE WELL PUB's employees, and vice-versa.

30. Upon information and belief, the gross revenue of Defendants, OCEAN MIST PUB and VILLAGE WELL PUB, was collectively in excess of $500,000.00 in 2017, 2018, 2019, 2020 and is expected to be collectively in excess of $500,000.00 in 2021.

31. Defendants, OCEAN MIST PUB and VILLAGE WELL PUB intermingle resources, finances, employees and supplies to provide services to their clientele in Broward County.

32. One of Plaintiff's supervisors – MRS. KEANEY - performs sales, payroll, ordering, and management duties for both OCEAN MIST PUB and VILLAGE WELL PUB and assigned and otherwise directed and controlled Plaintiff, and other OCEAN MIST PUB and VILLAGE WELL PUB employees during the relevant time period.

33. Moreover, the individual Defendants, MR. and MRS. KEANEY, have common ownership and control over the Corporate Defendants.

34. More specifically, individual defendant, MR. KEANEY, is the President of both Corporate Defendants.

35. Individual defendant, MRS. KEANEY, is the Vice President of both Corporate Defendants.

36. Individual defendant, MRS. KEANEY, handles human resources, employee scheduling, and payroll for both Corporate Defendants.

## JOINT EMPLOYER LIABILITY

37. During the relevant time period, Defendants OCEAN MIST PUB and VILLAGE WELL PUB shared the exact same corporate officers (MR. KEANEY and MRS. KEANEY) and the same employees.

38. During the relevant time period, employees of OCEAN MIST PUB and VILLAGE WELL PUB were all supervised by MRS. KEANEY.

39. MR. KEANEY and MRS. KEANEY regularly assign employees of OCEAN MIST PUB and VILLAGE WELL PUB to work at each of the pub locations.

40. Accordingly, OCEAN MIST PUB and VILLAGE WELL PUB are joint employers and therefore jointly and severally liable for any wage violations committed during the relevant time period.

## FACTUAL ALLEGATIONS COMMON TO PLAINTIFF'S WAGE AND HOUR CLAIM

41. Defendants, MR. KEANEY and MRS. KEANEY own and operate the OCEAN MIST PUB and VILLAGE WELL PUB located in Broward County, Florida.

42. Defendant, OCEAN MIST PUB has been in operation since 2002.

43. Defendant, VILLAGE WELL PUB has been in operation since 2004.

44. The OCEAN MIST PUB and VILLAGE WELL PUB are located at two (2) different locations in Broward County.

45. The first location is OCEAN MIST PUB located in Lauderdale-by-the-Sea.

46. The second location is VILLAGE WELL PUB located in Fort Lauderdale.

47. During the relevant time period, Defendants, MR. KEANEY and MRS. KEANEY ran, managed, and supervised both pub locations.

48. During the relevant time period, Defendants, MR. KEANEY and MRS. KEANEY used the same employees at both locations, set the schedules for all employees at both locations, and paid all employees from both locations from company bank accounts.

49. Defendants hired Plaintiff to work as an hourly non-exempt bartender at both pub locations in or around July 2018.

50. Defendants compensated Plaintiff and similarly situated employees $10.00 **per shift** regardless of the number of hours Plaintiff and other employees worked.

51. Defendants failed to provide sufficient notice to Plaintiff and other similarly situated employees that they would be taking a tip credit toward the federal minimum wage.

52. During the three (3) year period preceding the filing of this complaint, Defendants collectively enforced the unlawful policies and procedures against the vast majority of employees that worked in the pubs.

53. Because Defendants failed to provide sufficient tip notice to Plaintiff and other similarly situated employees, and because Defendants failed to compensate Plaintiff and other similarly situated employees at least the tipped wage requirement, the Defendants have engaged in a repetitive pattern of federal wage violations.

54. Plaintiff was not paid on a salary basis and did not have discretion or independent judgment on matters of significance for the pubs.

55. Plaintiff worked an average of sixty (60) hours per week until on or about March 16, 2020, when she was furloughed due to the COVID-19 pandemic.

56. Upon returning from furlough, from about October 2020 through December 2020, Plaintiff worked an average of thirty (30) hours per week.

57. In one or more workweeks within the three (3) years preceding the filing of this complaint, Defendants failed to compensate Plaintiff at the federally mandated rate of $7.25 per hour.

58. In one or more workweeks within the three (3) years preceding the filing of this complaint, Defendants failed to compensate Plaintiff at the federally mandated rate of 1.5 times her regular hourly rate when she worked in excess of forty (40) hours per week.

59. Defendants failed to maintain accurate time and pay records concerning the wages paid and total number of hours worked by Plaintiff during her employment period.

60. Defendants knew, or should have known, that they were required to compensate Plaintiff minimum and overtime wages.

61. Defendants were either recklessly indifferent as to the overtime requirements under federal law, or, in the alternative, *intentionally violated federal law* so that the Defendants could avoid having to pay Plaintiff, and all other similarly situated employees, their lawful (and hard-earned) wages. Plaintiff, and all others similarly situated, are therefore entitled to liquidated damages under the FLSA.

62. Based upon Defendants' intentional and/or willful violations of the FLSA, the three (3) year statute of limitations applies instead of the two (2) year statute of limitations.

63. As a result of the above violations of federal law, Plaintiff has had retain the undersigned counsel to prosecute these claims and is therefore entitled to an award of reasonable attorney's fees and costs under the FLSA

### COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS – 29 U.S.C. § 206
### (against All Defendants)

64. Plaintiff re-avers and re-alleges Paragraphs 1 through 63 above, as though fully set forth herein.

65. Plaintiff performed work for Defendants for which she should have received the federally mandated rate of $7.25 per hour.

66. Defendants' failure to comply with the federal minimum wage provisions of the FLSA was intentional and/or willful.

67. To date, Defendants have not properly paid Plaintiff all of her minimum wages as required by the FLSA.

68. As a result of Defendants' failure and refusal to remedy their violations of the FLSA, Plaintiff is entitled to recover unliquidated damages, liquidated damages, court costs and reasonable attorney's fees.

### COUNT II – FEDERAL OVERTIME WAGE VIOLATIONS – 29 U.S.C. § 207

69. Plaintiff re-avers and re-alleges Paragraphs 1 through 63 above, as though fully set forth herein.

70. Plaintiff worked approximately sixty (60) hours per week during her employment period with Defendants.

71. In one or more workweeks within the past 3 years, Plaintiff performed more than forty (40) hours of work for Defendants in a week for which she should have received wages in the amount of time-and-one-half her regular hourly rate for each hour worked over 40.

72. Defendants' failure to comply with the federal overtime provisions of the FLSA was intentional and/or willful.

73. To date, Defendants have not properly paid Plaintiff all of his overtime as required by the FLSA.

74. As a result of Defendants' refusal to remedy their violations of the FLSA, Plaintiff is entitled to recover unliquidated damages, liquidated damages, court costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, ANGELA WICKLOW, demands judgment against Defendants, BELCARRA, INC., BELCARRA – II, INC., THOMAS J. KEANEY, and TRINIDAD KEANEY, and respectfully requests that she be awarded the following relief: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorneys' fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ANGELA WICKLOW, hereby requests and demands a trial by jury on all appropriate claims.

**Dated this 16th day of February 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on this 16th day of February 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: